IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

BARRY MICHAEL PRATT, JR.                                                    PLAINTIFF

v.                                    Civil No. 1:26-cv-01003-SOH-SGS

INTERIM SHERIFF CHARLIE PHILLIPS                                       DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action originally filed *pro* se by Plaintiff, Barry Michael Pratt, Jr.,

under 42 U.S.C. § 1983.  Currently before the Court is Plaintiff's Motion for Service (ECF No. 2);

Motion for Leave to Proceed *in forma pauperis* ("IFP") (ECF No. 5); Amended Motion for Leave

to Proceed IFP (ECF No. 9); and Motion to Amend Complaint (ECF No. 19).

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011) the Honorable Susan O.

Hickey, United States District Judge, referred this case to the undersigned for the purpose of

making a Report and Recommendation.  The Court finds the matter ripe for consideration and

hereby recommends Plaintiff's Motions for IFP and Motion for Service be denied and this case be

dismissed without prejudice.

**I.      BACKGROUND**

Plaintiff filed his original Complaint on January 7, 2026 along with his first Motion to

proceed IFP.  (ECF Nos. 1-2).  In his original Complaint, Plaintiff named Charlie Phillips,

identified as interim Sheriff of Union County, as the sole Defendant.  (ECF No. 1, p. 2).  Plaintiff

fails to allege any constitutional violation claims against Sheriff Phillips in his Complaint but does

request cleaning supplies and for the "air" to be turned on in the Union County Detention Center

1

("UCDC").  Plaintiff also specifically notes he is not injured.  (ECF No. 1, p. 3).  For relief, Plaintiff requests a declaration that his constitutional rights were violated; an injunction against Sheriff Phillips to "do his job and clean up his jail;" a jury trial; Plaintiff's costs for this suit, and any additional relief the Court deems proper and equitable.  (ECF No. 1, p. 7).

Notably, in his original Complaint, Plaintiff was asked to list any previous cases he filed in federal court.  Plaintiff listed ten case numbers including, but not limited to, both *Pratt v. Niell*, Civil Case No. 1:24-cv-01029-SOH (W.D. Ark. 2024) and *Pratt v. Govan*, Civil Case No. 1:23-cv-01037-SOH (W.D. Ark. 2023).  (ECF No. 1, p. 10).

Plaintiff's first Motion to proceed IFP was filed with his original Complaint on January 7, 2026 but was incomplete.  (ECF No. 2).  Plaintiff failed to include the Certificate from the UCDC regarding his inmate account.  Accordingly, the Court provisionally filed Plaintiff's Complaint and provided Plaintiff until January 27, 2026 to submit his Certificate.  (ECF No. 3).  The Court also directed Plaintiff to submit an Amended Complaint by January 27, 2026 in this same Order. (ECF No. 3).

On January 8, 2026, the Court received Plaintiff's Certificate of Inmate Account and Assets.  (ECF No. 5).

Plaintiff submitted his Amended Complaint on January 29, 2026.  (ECF No. 9).  In this Amended Complaint Plaintiff alleges Sheriff Phillips violated his constitutional rights through cruel and unusual punishment and his conditions of confinement.  (ECF No. 8, p. 4).  Specifically, Plaintiff alleges he was not given razors or clothes or underwear.  He also alleges "they" will not turn on the heat and it is filthy in the UCDC.  Finally, Plaintiff claims Sheriff Phillips will not "do anything" and calls everyone racial slurs.  (ECF No. 8, pp. 4-5).  Plaintiff makes the same prayer for relief in his Amended Complaint as he did in his original Complaint.  *Id.* at 5, 7.

2

Again, Plaintiff was asked in his Amended Complaint to list cases previously filed in federal court and he lists nine cases. This list was somewhat different from the list in Plaintiff's original Complaint, but most notably included: *Pratt v. Niell,* Civil Case No. 2:25-cv-00106. (ECF No. 8, p. 6).

Also on January 29, 2026, Plaintiff submitted an amended Motion for IFP. (ECF No. 9). This Motion did not include a Certificate of accounts. *Id.*

On January 30, 2026, the Court entered an Order to Show Cause directing Plaintiff to advise the Court why he should be allowed to proceed IFP despite the identification of three prior cases which appear to be strikes against him pursuant to 28 U.S.C. Section 1915(g). The Court listed these cases for Plaintiff: *Pratt v. Niell*, Civil Case No. 1:24-cv-01029-SOH (W.D. Ark. 2024); *Pratt v. Govan*, Civil Case No. 1:23-cv-01037-SOH (W.D. Ark. 2023); and *Pratt v. Niell,* Civil Case No. 2:25-cv-00106-BSM (E.D. Ark. July 15, 2025). Plaintiff was specifically instructed to respond, by February 20, 2026, explaining to the Court why he does not believe each of these cases constitute a strike pursuant to Section 1915(g); or why he does not believe the three strike provision of Section 1915(g) applies to the instant case. (ECF No. 11). This Order to Show Cause was mailed to Plaintiff at the UCDC, but it was returned as undeliverable mail and resent to Plaintiff's home address on February 9, 2026. (ECF No. 13).

On February 24, 2026, Plaintiff filed a Notice of Change of Address indicating he was once again incarcerated in the UCDC. (ECF No. 16). Accordingly, the Court entered a second Order to Show Cause, on the issue of strikes, providing Plaintiff with an extension to April 27, 2026 to advise the Court why he felt Section 1915(g) should not apply to this case. (ECF No. 17).

Plaintiff filed a Response on April 24, 2026. (ECF No. 18). In this Response, Plaintiff argues that *Pratt v. Niell,* Civil Case No. 2:25-cv-00106-BSM was dismissed without prejudice or

3

malice, and it was a good case.  He goes on to argue "someone else filed paperwork."  (ECF No. 18, p. 1).

Plaintiff argues *Pratt v. Niell*, Civil Case No. 1:24-cv-01029 was at West Helena but that he was not at West Helena in 2024 only 2025.  Additionally, he argues that case was also dismissed without prejudice and malice.

Finally, Plaintiff does not object to *Pratt v. Govan,* Civil Case No. 1:23-cv-01037 counting as a strike against him pursuant to Section 1915(g).  *Id.* at 2.[1]

Finally, on April 29, 2026, Plaintiff submitted a second Amended Complaint which the Court instructed the Clerk's Office to file as a Motion to Amend his Complaint pursuant to Federal Rule of Civil Procedure 15.  In this proposed Second Amended Complaint, Plaintiff does not name Sheriff Phillips as a Defendant but instead names only Andrew E. Rubin, identified as the CEO of Android.  (ECF No. 19, p. 2).  Plaintiff claims Mr. Rubin has denied his payments.  *Id.*

## II.     LEGAL STANDARD

Section 1915(g), of the Prison Litigation Reform Act, 28 U.S.C. § 1915, (hereinafter "PLRA"), limits the ability of a prisoner, who has filed at least three claims that have been dismissed as frivolous, malicious, or for failure to state a claim, to obtain IFP status.  Specifically, Section 1915(g) provides that:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] Plaintiff also makes a *habeas* argument in his response regarding criminal charges that are not raised in his Amended Complaint.  (ECF No. 18).  The Court will not address such arguments as they are not properly before this Court in this Section 1983 civil matter.

*See also Higgins v. Carpenter*, 258 F.3d 797, 800-801 (8th Cir. 2001) (holding that §1915(g) is constitutional).  This provision has commonly become known as the "three strikes rule" or the "three strikes provision."

### III.   ANALYSIS

It is the undersigned's duty to make an independent evaluation of each of Plaintiff's prior dismissals in considering the application of the three strikes provision to the instant Amended Complaint.  *See Gonzalez v. United States,* 23 F.4th 788, 790 (8th Cir. 2022).

In considering all of Plaintiff's previously filed cases in both this District and the Eastern District of Arkansas, the Court determines the three strikes rule applies to Plaintiff herein.  He has at least three previous prisoner-initiated actions that qualify as strikes against him under 28 U.S.C. §1915(g): *Pratt v. Niell*, Civil Case No. 1:24-cv-01029-SOH (W.D. Ark. 2024); *Pratt v. Govan*, Civil Case No. 1:23-cv-01037-SOH (W.D. Ark. 2023); and *Pratt v. Niell,* Civil Case No. 2:25-cv-00106-BSM (E.D. Ark. July 15, 2025).

Plaintiff does not dispute that Civil Case No. 1:23-cv-01037-SOH is properly identified as a strike against him.  However, he argues that 1:24-cv-01029-SOH and 2:25-cv-00106-BSM do not qualify as strikes under Section 1915(g) because he did not file them, and both cases were dismissed without prejudice.  (ECF No. 18).

First, the Court is unconvinced by Plaintiff's argument that "someone" else filed Civil Cases 1:24-cv-01029-SOH and 2:25-cv-00106-BSM.  Plaintiff listed both cases in his original and then Amended Complaints when he was asked to provide previous cases he filed in federal court. The Court does not believe he would have listed these cases in his Complaints had he not filed them himself.

Secondly, whether the cases were dismissed with or without prejudice is irrelevant for the Court's analysis here. The question is whether the cases were dismissed on the grounds the claims were frivolous, malicious, or failed to state a claim upon which relief could be granted. *See* 28 U.S.C.§ 1915(g). In Civil Case No. 1:24-cv-01029-SOH, the Honorable Susan O. Hickey dismissed the case for "failure to state claim upon which relief may be granted." Additionally, she noted in the Order of dismissal that Plaintiff be warned the dismissal may be counted as a strike for purposes of Section 1915(g). *Pratt v. Phillips, et al.,* Civil Case No. 1:24-cv-01029-SOH (W.D. Ark. Sept. 12, 2014). Further, in Civil Case No. 2:25-cv-00106-BSM, the Honorable Brian S. Miller, District Judge in the Eastern District of Arkansas, noted in his order of dismissal that Plaintiff's claims were dismissed for failure to state a plausible constitutional claim for relief and the dismissal should be counted as a "strike" for purposes of Section 1915(g). *Pratt v. Niell,* Civil Case No. 2:25-cv-00106-BSM (E.D. Ark. July 15, 2025). Based on the undersigned's independent review of both cases, it finds Plaintiff's complaints were dismissed for a failure to state a claim upon which relief could be granted. Thus, qualifying both cases as "strikes" against Plaintiff pursuant to Section 1915(g).

Nevertheless, Plaintiff may be allowed to proceed IFP here if he falls under the "imminent danger" exception to the three strikes rule. *See* 28 U.S.C. §1915(g) (providing that three strikers should be granted permission to proceed IFP if they are "under imminent danger of serious physical injury"). The Eighth Circuit has explained that the imminent danger exception to section 1915(g) applies only if the prisoner alleges that he is in imminent danger "at the time of filing" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient." *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).

6

Plaintiff has not alleged that he is in any danger, much less imminent danger, at the time he filed this suit. Instead, he alleges claims which relate to the conditions of his confinement in the UCDC, specifically those related to hygiene but that are not dangerous in any way. Further, in his proposed Second Amended Complaint, Plaintiff appears to drop his conditions of confinement claims completely. Thus, Plaintiff has failed to satisfy the imminent danger exception to the three strikes provision.

### IV.    CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that both of Plaintiff's Motion for Leave to Proceed IFP (ECF Nos. 5, 9) be **DENIED** pursuant to 28 U.S.C. § 1915(g) and this case be **DISMISSED WITHOUT PREJUDICE** and his Motion for Service (ECF No. 2) be **DENIED.** It is also **RECOMMENDED** that, upon dismissal, Plaintiff be given thirty days to file a Motion to Reopen this case upon payment of the full filing fee. Finally, it is **RECOMMENDED** the Court certify, pursuant to 28 U.S.C. §1915(a)(3), that an IFP appeal would not be taken in good faith.

Furthermore, Plaintiff's Motion to Amend (ECF No. 19) does nothing to alter the Court's analysis herein and should be deemed **MOOT** at the adoption of this Report and Recommendation.

**Referral Status: The referral in this matter should be terminated.**

7

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 17th day of June 2026.

/s/ *Spencer G. Singleton*
HON. SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE